UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DANIEL CONNORS,
and all others similarly situated,

       Plaintiffs,

v.

OUHLALA GOURMET CORP.
d/b/a BUDDY FRUITS,
and SCOTT ALLSHOUSE,

       Defendants.
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANIEL CONNORS, by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, OUHLALA GOURMET CORP. d/b/a BUDDY FRUITS ("Buddy Fruits"), and SCOTT ALLSHOUSE ("Allshouse"), and states the following:

**NATURE OF ACTION**

1. Plaintiff was Vice President of Marketing for Defendant. Although Plaintiff was treated as exempt from overtime pay, Defendants had a policy of docking Plaintiff's and other executives' pay in partial-day increments when they exceeded their paid time off (PTO). This policy was in violation of the "salary basis" requirement of the Fair Labor Standards Act, rendering Plaintiff and all others similarly situated non-exempt for the period of time that this docking policy was in effect. Plaintiff and all others

similarly situated who worked in excess of 40 hours per week seek overtime pay, liquidated damages, and attorneys' fees and costs as permitted by the FLSA.

## THE PARTIES

2. Defendant Buddy Fruits manufactures and sells squeezable fruit pouches and other ready-to-eat fruit and vegetable-based snacks.

3. Buddy Fruits' principal place of business is in Miami, Florida.

4. At all material times hereto, Buddy Fruits had annual sales revenues in excess of $500,000.00, and had two or more employees handling, selling or working on goods or materials that have moved in or were produced for commerce.

5. Buddy Fruits sells its products in numerous states as well as in Florida, thereby conducting its business operations across state lines, affecting interstate commerce.

6. Accordingly, at all times material hereto, Buddy Fruits was an "enterprise engaged in commerce" as defined by the FLSA.

7. At all times material hereto, Defendant Allshouse was Buddy Fruits' Chief Executive Officer, exercised control over significant aspects of Buddy Fruits day-to-day functions, hired and fired employees, supervised employees and set their conditions of employment, established the methods and rules under which employees performed their jobs, and determined employees' rates, methods, and timing of compensation, and other matters in relation to employees, and therefore was an "employer" as defined by the FLSA.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 (federal question jurisdiction).

9. Venue is appropriate in this Court, as the violations complained of occurred in Miami, Florida.

## FACTS OF CASE

10. Plaintiff was employed by Defendants as Vice President of Marketing from April 4, 2014 to March 17, 2017.

11. Plaintiff worked long hours for Defendants, often more than 40 hours per week, but was never paid overtime wages.

12. Defendants had a policy of docking Plaintiff's pay in partial-day increments when he exceeded his paid time off (PTO).

13. The records, if any, concerning the hours worked by Plaintiff are in the possession and custody of Defendants.

14. The records concerning the sales made by Plaintiff and compensation paid to Plaintiff are in the possession and custody of Defendants.

15. Plaintiff has retained the undersigned counsel to represent him in this action.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION – FLSA VIOLATION
### (AGAINST BOTH DEFENDANTS)

16. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17.     An employer's policy of docking employees' pay in partial-day increments when the employee exceeds his paid time off (PTO) violates the "salary basis" requirement of the FLSA and renders an otherwise exempt employee non-exempt for the period of time in which such policy is in effect.

18.     Defendants' docking policy as described above was in effect during the entire period of Plaintiff's employment. Accordingly, Plaintiff was non-exempt during the entire period of his employment and was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

19.     Defendants knowingly and willfully failed to pay Plaintiff time and one-half of his regular rate of pay for all hours worked in excess of forty (40) per week.

20.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, which he is entitled to recover.

21.     As a result of Defendants' willful violations of the FLSA, Plaintiff is also entitled to recover liquidated damages.

22.     Pursuant to 29 U.S.C. §216(b), Plaintiff is also entitled to recover all reasonable attorney's fees and costs incurred in this action.

23.     Upon information and belief, Defendants applied their unlawful docking policy to other employees whom they treated as exempt, but who were in fact non-exempt. Accordingly, Plaintiff intends to move to certify this case as a collective action pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of overtime wages, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on the above claims.

Respectfully submitted,

*/s/Richard Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
2nd E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Telephone: (954) 369-1050
Facsimile: (954) 380-8938
*Attorney for Plaintiff*