UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 1:17-cv-21777JLK

DANIEL CONNORS,

    Plaintiff,

vs.

OUHLALA GOURMET CORP.
d/b/a BUDDY FRUIT AND
SCOTT ALLSHOUSE,

    Defendants.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND TO DISMISS THE CASE WITH PREJUDICE

COME NOW, the Parties, OUHLALA GOURMET CORP. d/b/a BUDDY FRUIT (hereinafter "BUDDY FRUIT"), SCOTT ALLSHOUSE (hereinafter "ALLSHOUSE")(collectively "Defendants") and Plaintiff, DANIEL CONNORS (hereinafter "Plaintiff"),(collectively referred to herein as "the Parties"), by and through their undersigned counsel hereby files their Joint Motion for Approval of Settlement and to Dismiss the Case with Prejudice, and as grounds therefor states as follows:

    1.    Plaintiff filed his action against Defendants on or about May 12, 2017 asserting a claim for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA").  Counsel for Defendants entered an appearance shortly thereafter, and reached out to Plaintiff's counsel to engage in informal discovery and explore possible resolution.

BeharBehar ⬥ 490 Sawgrass Corporate Parkway, Suite 300, Sunrise, FL 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

1 of 4

2.  The Parties' counsel conducted informal discovery regarding the time Plaintiff worked, the payments made to Plaintiff by Defendants, and the defenses raised by Defendants. The Parties' counsel also spent a significant amount of time researching and debating the particular legal issue raised by the Complaint, *i.e.* whether an employer's efforts to recoup alleged overpayments to an exempt employee, following his separation from employment, violate the salary-basis test, where such overpayments resulted from negative balances in a paid time off (PTO) bank that were the product of partial-day deductions. *See* 29 C.F.R. §541.603(a); *Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 632 (6th Cir. 2009); *Sharer v. Tandberg, Inc.*, 2007 WL 676220 at *3-5 (E.D. Va. 2007). The Parties' counsels agree that this is an unsettled issue in the Eleventh Circuit and that the outcome of continued litigation would be uncertain.

3.  Without admitting fault or liability, the Parties have amicably resolved all disputed claims in this matter including attorney's fees and costs. Defendants disputed owing any moneys at all to Plaintiff, but Plaintiff asserted otherwise.

4.  The Parties determined that in light of the disputes, defenses and other matters before them the amount Plaintiff may have been owed in overtime in light of the facts and various defenses asserted.

5.  Separately, the Parties agreed to the reasonable attorney's fees and costs.

6.  Plaintiffs throughout this lawsuit had their interests fully and fairly protected by Richard Tuschman. Mr. Tuschman has diligently protected the interests of Plaintiff and provided him with adequate relief under the circumstances. Furthermore,

BeharBehar ⬥ 490 Sawgrass Corporate Parkway, Suite 300, Sunrise, FL 33325
**T:** 954-990-8639   **F:** 954-332-9260   **W:** BeharBehar.com

2 of 4

the settlement does not prejudice any other person's rights. The parties separately agreed to confidentiality and will file a separate motion for a hearing on judicial approval of the settlement agreement.

7. The Parties now wish to obtain Court approval and dismissal of the lawsuit. Court consideration of the settlement is appropriate. *See, e.g., Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Court approval of the settlement is proper here because of the reasons set forth above, and that will be set forth in the hearing.

8. Accordingly, Plaintiffs and Defendant jointly request that the Court approve the proposed settlement and stipulation of dismissal, and order the dismissal with prejudice of this action. The parties request the Court retain jurisdiction in this claim for a period of ninety (90) days, should enforcement of this agreement become necessary.

WHEREFORE, the Parties respectfully request that the Court approve the settlement and order the dismissal of this case with prejudice and retain jurisdiction for ninety (90) days, should enforcement of this agreement become necessary.

BeharBehar ⬥ 490 Sawgrass Corporate Parkway, Suite 300, Sunrise, FL 33325
T: 954-990-8639    F: 954-332-9260    W: BeharBehar.com

3 of 4

Dated: August 25, 2017

                Respectfully submitted,

                */s/Aaron Behar, Esq.*
                Aaron Behar, Esq.
                Florida Bar No.: 166286
                Michael Harper, Esq.
                Florida Bar No.: 052207
                BeharBehar
                490 Sawgrass Corporate Parkway
                Suite 300
                Sunrise, FL 33325
                Telephone: (954) 990-8639
                Facsimile: (954) 332-9260
                E-mail: ab@beharbehar.com
                ***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2017 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Richard Tuschman, Esq.

                */s/Aaron Behar, Esq.*
                Aaron Behar, Esq.

BeharBehar ⬥ 490 Sawgrass Corporate Parkway, Suite 300, Sunrise, FL 33325
**T:** 954-990-8639   **F:** 954-332-9260   **W:** BeharBehar.com

4 of 4